NOT DESIGNATED FOR PUBLICATION

No. 129,441

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER LEIGH GRIEGO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; KRISTI COTT, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed and remanded with directions.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Jacob T. Gayer*, assistant county attorney, *Susan Richmeier*, county attorney, and *Kris W. Kobach*, attorney general.

Before COBLE, P.J., CLINE and PICKERING, JJ.

PER CURIAM: Amber Leigh Griego appeals the revocation of her probation, solely arguing that her underlying prison sentence was an illegal sentence. After review, we find her sentence was not illegal when pronounced, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, the State charged Griego with one count of distribution or possession with the intent to distribute a controlled substance—methamphetamine—in

1

violation of K.S.A. 2019 Supp. 21-5705(a)(1). It alleged she possessed at least 3.5 grams but less than 100 grams of methamphetamine and identified the charge as "a drug severity level 2 felony." The State also charged Griego with possession of drug paraphernalia in violation of K.S.A. 2019 Supp. 21-5709(b)(1), a drug severity level 5 felony.

On June 24, 2022, Griego filed a motion for departure findings at sentencing. She asserted the State agreed to depart to probation, she accepted responsibility for her actions, and she was receptive to rehabilitation.

That same day, Griego waived her preliminary hearing, entered a plea, and was sentenced. The hearing began with defense counsel announcing the plea, stating, "Judge, at this point, Ms. Griego would plead no contest to charge 1, a level 3 distribution charge. The State would join in in an agreement to—to depart to probation. Registration would apply, and I believe that's the gist of the plea deal." As part of the plea deal, count 2 would be dismissed. The State confirmed that was its understanding of the plea deal. There was no written plea agreement.

Griego waived her preliminary hearing and waived a formal reading of the complaint. The district court asked, "So you understand that in count 1 you are charged with . . . distribution or possession with intent to distribute a controlled substance, specifically methamphetamine. That's a drug severity level 2 nonperson felony? Do you understand that that's what you're charged with?" Griego said she understood. The district court also asked whether she understood "that the possible penalty, depending on your criminal history score if you're convicted, is between 92 and 144 months in the Kansas Department of Corrections and can be subject to a possible fine?" Griego again stated she understood.

After the plea colloquy, Griego pled no contest to count 1. A presentence investigation (PSI) report had already been completed. The district court continued:

"Ma'am, you were convicted today of distribution or possession with intent to distribute methamphetamine. Offender registration's required. That was in violation of K.S.A. 21-5705 with an offense date of December 2nd, 2019. That is a drug severity level 2 nonperson felony. You are presumptive prison with a sentencing range of aggravated term of 130 months, standard term of 123 months, a mitigated term of 117 months. You're eligible for 15 percent good credit time if you have to serve the sentence. You're not eligible for drug treatment based on—on your criminal history. Postrelease if it's needed would be for 36 months. Probation if it's granted would be for 36 months."

The PSI report noted that the primary offense was distribution or possession with the intent to distribute a controlled substance, identified Griego's criminal history score as C, and identified the conviction as a drug severity level 2 felony. There were no objections to the PSI report. The district court sentenced Griego, stating:

"Ma'am, it will be the sentence of this Court that in the primary offense, the only offense you are convicted of, that you be sentenced to the standard number which is 123 months in the Kansas Department of Corrections. You'll be able to (unintelligible) 15 percent good credit time, and postrelease, if needed, would be for 36 months.

"The Court will follow the plea agreement and grant your Motion for Downward Dispositional Departure. The Court will find that substantial and compelling reasons have been shown that are outlined in your motion filed by your counsel and the fact that there's the support of the State and your efforts in this case. So you will be placed on probation for 36 months. That's a long time."

Ultimately, in June 2025, the district court revoked Griego's probation and imposed her original sentence.

Griego timely appealed.

ANALYSIS

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). An illegal sentence may be challenged at any time even if the sentence results from a plea. *State v. Deck*, 317 Kan. 101, 105, 525 P.3d 329 (2023).

*Discussion*

An "'[i]llegal sentence'" is a sentence:  (1) imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). "The phrase 'applicable statutory provision' as used in K.S.A. 22-3504 means a provision defining the crime, assigning the category of punishment, or involving the criminal history classification, including whether a prior conviction was properly classified under the Kansas Sentencing Guidelines Act." *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024).

Griego argues that the State's complaint "alleged facts sufficient to constitute a drug severity level 3 offense for possession of methamphetamine, and cited to the statutory subsection for a severity level 3 crime." She asserts the State's complaint mistakenly described the charge as a drug severity level 2 felony. As such, she believes her sentence was illegal because it was based on the incorrect severity level.

Griego is not entirely correct. While the complaint contained an error, it is not the error Griego complains of. The complaint charged, in relevant part:

"That on the 2nd day of December, 2019, in Finney County, Kansas, Amber Leigh Griego, then and there being present did unlawfully, feloniously distribute or possess with the intent to distribute at least 3.5 grams but less than 100 grams of Methamphetamine, a Schedule II controlled substance as designated in K.S.A. 65-4107(d)(3) or (f)(1) and amendments thereto. In violation of K.S.A. 21-5705(a)(1) [and] (d)(1)(B), Distribution or Possession with Intent to Distribute a Controlled Substance (at least 3.5 grams but less than 100 grams), a drug severity level 2 felony."

K.S.A. 2019 Supp. 21-5705(a)(1) makes it "unlawful for any person to distribute or possess with the intent to distribute . . . [o]piates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. [2019 Supp.] 65-4107, and amendments thereto." Methamphetamine is listed under K.S.A. 2019 Supp. 65-4107(d)(3). Under K.S.A. 2019 Supp. 21-5705(d)(1)(B), distribution or possession with the intent to distribute is a "drug severity level 3 felony if the quantity of the material was at least 3.5 grams but less than 100 grams."

But K.S.A. 2019 Supp. 21-5705(d)(1)(B) does not apply to methamphetamine. Instead, distribution or possession with the intent to distribute methamphetamine is governed by K.S.A. 2019 Supp. 21-5705(d)(3). Possession of "at least 3.5 grams but less than 100 grams" of methamphetamine is a drug severity level 2 felony. K.S.A. 2019 Supp. 21-5705(d)(3)(C).

The complaint accurately reflected the appropriate crime and the appropriate severity level for distribution or possession with the intent to distribute methamphetamine. It was defective for mistakenly citing to the incorrect statutory authority for the drug severity level, not for imposing the incorrect drug severity level.

In *Deck*, the defendant pled guilty to attempted unintentional second-degree murder and was sentenced to 41 months' imprisonment. Later, Deck filed a motion to correct an illegal sentence, arguing that because attempted unintentional second-degree

5

murder is not a crime, the district court lacked subject matter jurisdiction to sentence him and asked the district court to vacate his sentence. Because the district court lacked jurisdiction, he asserted his sentence was illegal. The district court summarily denied his motion.

On appeal, our Supreme Court explained that "just because Deck pled guilty to [attempted unintentional second-degree murder] does not mean he waived any jurisdictional challenge against his sentence associated with his conviction on that count." 317 Kan. at 105. Despite this, it found Deck's claim failed because, although he "creatively focuse[d] his requested relief on the resulting prison sentence," Deck really challenged the defective complaint. 317 Kan. at 105. Our Supreme Court held that "a motion to correct an illegal sentence cannot be the procedural mechanism to challenge a defective complaint," even when the requested relief is focused "on the resulting prison sentence that is its by-product." 317 Kan. at 105.

*Deck* is similar, although distinct. Deck argued his sentence must be vacated since the district court lacked subject matter jurisdiction to sentence him for the crime because the crime did not exist. This, in effect, was a challenge to his conviction based on a defective complaint. Here, Griego does not challenge her conviction; she asserts the district court sentenced her under the wrong severity level. But her argument is based on a defect in the complaint—a citation of the wrong penalty statute. Compare K.S.A. 2019 Supp. 21-5705(d)(1)(B), with K.S.A. 2019 Supp. 21-5705(d)(3)(C).

*State v. Osterloh*, No. 100,577, 2010 WL 445670 (Kan. App. 2010) (unpublished opinion), is also similar. There, on appeal, the defendant claimed she was illegally sentenced for felony aggravated endangering a child "because the complaint and journal entry of judgment cited the statute number for the misdemeanor offense of endangering a child" and requested she be resentenced for a misdemeanor. 2010 WL 445670, at *4. The panel noted that the complaint mirrored the language for felony aggravated endangering a

6

child and correctly titled the offense. Similarly, it noted that both the journal entry of trial and the journal entry of sentencing referred to aggravated endangering a child and identified the charge as a felony despite citing the incorrect statute number. 2010 WL 445670, at *4-5. The panel was unpersuaded that Osterloh had been illegally sentenced "simply because the incorrect statute number was listed in the complaint and journal entries." 2010 WL 445670, at *5. Instead, it concluded:

> "[T]he incorrect citation to K.S.A. 21-3608(a)(1) [now K.S.A. 21-5601] in the complaint and journal entries was a technical error not affirmatively prejudicing Osterloh's substantial rights. Based upon a plain reading of the entire complaint and journal entries, the conduct of the trial, and the district court's findings at the time it rendered its verdict, it is apparent that Osterloh was convicted of aggravated endangering a child and legally sentenced in accordance with a severity 9, person felony." 2010 WL 445670, at *5.

The instant case also involves an error in the charging document, but the error is clearly typographical. The charging document accurately describes the charge, including the severity level of the charge, in words. The complaint identifies the controlled substance, the amount of the substance, and severity level consistent with K.S.A. 2019 Supp. 21-5705(d)(3)(C). It simply cites to the incorrect penalty statute, K.S.A. 2019 Supp. 21-5705(d)(1)(B).

Griego had sufficient understanding of what the State intended to charge her with. Again, the complaint identified her charge as a drug severity level 2 felony. The PSI report identified the charge as a drug severity level 2 felony. The district court informed Griego the crime was "a drug severity level 2 nonperson felony." The district court advised her she would be sentenced to between 92 and 144 months in the Department of Corrections—reflecting a drug severity level 2 felony. Griego clearly understood the State intended to charge her with a drug severity level 2 felony.

Griego's claim that her sentence is illegal is a creative collateral attack on her conviction for distribution or possession with the intent to distribute between 3.5 and 100 grams of methamphetamine based on a defective complaint. But a motion to correct an illegal sentence is not the proper mechanism to challenge a defective complaint. *Deck*, 317 Kan. at 105.

We note, however, that the journal entry of sentencing identifies the crime of conviction as a drug severity level 3 felony, but the presumptive sentencing range listed is for Box 2-C in the sentencing grid. See K.S.A. 2019 Supp. 21-6805(a). It also cites to K.S.A. 2019 Supp. 21-5705(d)(1)(B) as the penalty statute, rather than K.S.A. 2019 Supp. 21-5705(d)(3)(C). We affirm the district court but remand for a nunc pro tunc order correcting the journal entry of sentencing to reflect a drug severity level 2 felony and the proper subsection of the penalty statute.

Affirmed and remanded with directions.